1  MAUREEN E. MCCLAIN, Bar No. 062050
   mmcclain@littler.com
2  CONSTANCE E. NORTON, Bar No. 146365
   cnorton@littler.com
3  ALISON CUBRE, Bar No. 257834
   acubre@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street
5  20th Floor
   San Francisco, CA  94108.2693
6  Telephone:  415.433.1940
   Facsimile:   415.399.8490
7
   Attorneys for Defendant
8  DOLLAR TREE STORES, INC.

9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                     WESTERN DIVISION

13  RICHARD REYES, as an individual          Case No. _____
    and on behalf of all others similarly
14  situated,                                **NOTICE OF SECOND REMOVAL
                                             OF CIVIL ACTION (CLASS
15              Plaintiff,                    ACTION)**

16  v.                                       [Los Angeles County Superior Court
                                             Case No. BC488271]
17  DOLLAR TREE STORES, INC., a
    corporation; and DOES 1 through 50,      [U.S.D.C. Cent. Dist. CA
18  inclusive,                               Case No. CV12-11028 R (VBKx)]

                                             Complaint Filed:   July 13, 2012
19              Defendant.                   FAC Filed:          December 7, 2012

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u>
REMOVAL                             1.        Case No. _____

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2            1.      **PLEASE TAKE NOTICE** that, Dollar Tree Stores, Inc. ("Dollar

3    Tree") hereby removes the action entitled *Richard Reyes v. Dollar Tree Stores, Inc.*

4    from the Superior Court for the State of California, County of Los Angeles, to the

5    United States District Court, Central District of California.  Removal is based on the

6    Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(b) and 1446, on the

7    following grounds:

8    **I.      STATEMENT OF JURISDICTION.**

9            2.      Removal jurisdiction exists because, in relevant part, this Court has

10   original jurisdiction over this action under the CAFA. The CAFA grants district courts

11   original jurisdiction over civil class actions filed under federal or state law in which

12   any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state

13   different from any defendant and where the amount in controversy for the putative

14   class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of

15   interest and costs.  28 U.S.C. § 1332(d).   The CAFA authorizes removal of such

16   actions pursuant to 28 U.S.C. section 1446.  As set forth herein, this case meets all of

17   the requirements for removal and is timely and properly removed by the filing of this

18   Notice.

19   **II.     VENUE.**

20          3.      For removal jurisdiction purposes, venue is proper in the United

21   States District Court for the Central District of California because Plaintiff Richard

22   Reyes ("Plaintiff") filed his First Amended Complaint in the Superior Court of

23   California, County of Los Angeles.  28 U.S.C. §§ 84(c), 1391 and 1446.

24   **III.    PLEADINGS, PROCESS, AND ORDERS.**

25          4.      On July 13, 2012, Plaintiff filed an unverified complaint in the

26   Superior Court for the State of California, County of Los Angeles ("Superior Court"),

27   entitled *RICHARD REYES, as an individual and on behalf of all other similarly*

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u>
REMOVAL                                        2.              Case No. _____

1    *situated v. Dollar Tree Stores, Inc., a corporation; and DOES 1 through 50*, Case

2    Number BC488271.

3           5.    On July 16, 2012, Plaintiff served a copy of the Summons and

4    Complaint on the agent for service of process for Dollar Tree and on July 17 or 18,

5    2012 Plaintiff filed a proof of service for the Summons and Complaint.  True and

6    correct copies of the Summons, Complaint, Proof of Service and all other documents

7    served on July 16, 2012 are attached hereto as **Exhibit 1**.

8           6.    On August 15, 2012, Dollar Tree filed and served an Answer in

9    Superior Court.  A true and correct copy of Dollar Tree's Answer is attached hereto as

10    **Exhibit 2**.

11           7.    On September 4, 2012, the Superior Court issued Minutes

12    designating the action as "complex" according to Rule 3.400 of the California Rules

13    of Court.  The Superior Court transferred the action internally to Judge Jane L.

14    Johnson of the Complex Division.  A true and correct copy of the Court's September

15    4, 2012 Minute Order is attached hereto as **Exhibit 3**.

16           8.    On September 4, 2012, the Superior Court also issued an Initial

17    Status Conference Order, which (i) stayed the case, except for service of the Summons

18    and Complaint; (ii) scheduled an Initial Status Conference for October 19, 2012; and

19    (iii) requested the filing of a Joint Initial Status Conference Class Action Response

20    Statement.  A true and correct copy of the Court's September 4, 2012 Initial Status

21    Conference Order is attached hereto as **Exhibit 4**.

22           9.    On September 13, 2012, Plaintiff served a Notice of Entry of Order

23    and Status Conference.  On or around September 20, 2012, the Notice of Entry of

24    Order and Status Conference was filed with the Court.  A true and correct copy of the

25    Notice of Entry of Order and Status Conference is attached hereto as **Exhibit 5**.

26          10.    On October 12, 2012, Dollar Tree filed the Parties' Joint Initial

27    Status Conference Report. A true and correct copy of the Joint Initial Status

28    Conference Report is attached hereto as **Exhibit 6**.

---

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL       3.       Case No. _____

11.     On October 19, 2012, Dollar Tree filed and served Notice of Posting Jury Fees.  A true and correct copy of Dollar Tree's Notice of Posting Jury Fees is attached hereto as **Exhibit 7**.

12.     On October 19, 2012, the Court filed an Order Issuing Electronic Service.  A true and correct copy of Dollar Tree's Order Issuing Electronic Service is attached hereto as **Exhibit 8**.

13.     On October 26, 2012, Plaintiff served on Dollar Tree a Notice of Case Management Conference Held and Notice of Hearing Re: Plaintiff's Motion for Class Certification.  On or around November 2, 2012, Plaintiff filed Notice of Case Management Conference Held and Notice of Hearing Re: Plaintiff's Motion for Class Certification. A true and correct copy of Plaintiff's October 26, 2012 Notice is attached hereto as **Exhibit 9.**

14.     On November 5, 2012, Plaintiff filed and served a (i) Motion for Leave to File First Amended Complaint and (ii) Declaration of Stephanie E. Yasuda in support thereof in Superior Court.  A true and correct copy of Plaintiff's Motion and supporting declaration is attached hereto as **Exhibit 10**.

15.     On November 8, 2012, the parties filed a Joint Stipulation Re: Hearing of Plaintiff's Motion for Leave to File First Amended Class Action Complaint, Extend Production of Class List and Modify Certification Briefing Schedule and Hearing; [Proposed] Order.  A true and correct copy of the Stipulation is attached hereto as **Exhibit 11.**

16.     On November 13, 2012, Dollar Tree filed and served an (i) Opposition to Plaintiff's Motion for Leave to File First Amended Class Action Complaint and (ii) Declaration of K. Kayvan Iradjpanah in support thereof.  A true and correct copy of Dollar Tree's Opposition and supporting declaration is attached hereto as **Exhibit 12**.

17.     On November 20, 2012, Plaintiff filed and served a (i) Reply in Support of Motion for Leave to File First Amended Class Action Complaint and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND REMOVAL                4.          Case No. _____

1  (ii) Supplemental Declaration of Stephanie E. Yasuda in support thereof.  A true and
2  correct copy of Plaintiff's Reply and supporting declaration is attached hereto as
3  **Exhibit 13**.

4        18.    On November 21, 2012, Dollar Tree filed and served the parties'
5  Joint Stipulation for Protective Order.  A true and correct copy of the parties'
6  Stipulation is attached hereto as **Exhibit 14.**

7        19.    On November 30, 2012, Plaintiff served on Dollar Tree a Notice of
8  Continuance of Motion for Leave to File First Amended Class Action Complaint.  A
9  true and correct copy of Plaintiff's Notice is attached hereto as **Exhibit 15.**

10        20.    On December 7, 2012, the Superior Court granted Plaintiff's
11  Motion for Leave to File First Amended Class Action Complaint.  *See* Declaration of
12  K. Kayvan Iradjpanah in Support of Dollar Tree Stores, Inc.'s <u>Second</u> Notice of
13  Removal ("Iradjpanah Decl.") ¶ 2.

14        21.    On the same day, December 7, 2012, Plaintiff filed and served a
15  First Amended Class Action Complaint for Damages ("FAC") in Superior Court.  A
16  true and correct copy of the FAC is attached hereto as **Exhibit 16**.

17        22.    Dollar Tree filed and served an Answer to the FAC in the Superior
18  Court on December 27, 2012.  A true and correct copy of Dollar Tree's Answer is
19  attached hereto as **Exhibit 17**.

20        23.    On December 28, 2012, Dollar Tree filed a Notice of Removal
21  based on Plaintiff's FAC.  The case was assigned to the Honorable Manual L. Real
22  and entitled Case No. CV-12-11028-R.  ECF Nos. 1, 10.[1]

23        24.    That same day, on December 28, 2012, Dollar Tree filed and
24  served a Notice to State Court of Removal.  A true and correct copy of Dollar Tree's
25  Notice to State Court of Removal is attached hereto as **Exhibit 18**.

26

27  [1] Four declarations were filed in support of the original Notice of Removal, including
   the Declarations of Steven Pearson [ECF No. 3], Richard Goldberg [ECF No. 4], K.
28  Kayvan Iradjpanah [ECF No. 5], and David McDearmon [ECF No. 6].

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u>
REMOVAL        5.        Case No. _____

25.     On December 31, 2012, Dollar Tree filed and served an Amended Notice to State Court of Removal.  A true and correct copy of Dollar Tree's Amended Notice to State Court of Removal is attached hereto as **Exhibit 19**.

26.     On January 28, 2013, Plaintiff filed and served a Motion to Remand.  In his Motion to Remand, Plaintiff expressly limited his allegations as follows: (i) the alleged violations occurred when and if a class member worked without another manager at the same time, and (ii) the class member was not actually provided a paid, duty-free 10-minute rest break.  Request for Judicial Notice ("RJN"), Exhibit C [Plaintiff's Motion to Remand 6:4-8].  Plaintiff further expressly limited his contentions claiming that Assistant Store Managers experienced rest break violations in only a third of the shifts worked.  *Id.* [Plaintiff's Motion to Remand 7:20-27; Plaintiff's Declaration in Support of Motion to Remand ¶¶ 3-5].

27.     On March 4, 2013, this Court granted Plaintiff's Motion to Remand.  RJN, Exhibits D-F (ECF Nos. 24-25); Iradjpanah Decl. ¶ 4, Exhibit 1.

28.     The Motion to Remand was granted because the Court held that the heightened "legal certainty" standard applies under the Ninth Circuit's decision in *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 999-1000 (9th Cir. 2007) because the FAC alleged that the amount in controversy was less than $5 million.  The Court also found that this allegation was made in "good faith."  Under this heightened standard, the Court found that Dollar Tree had not met its burden that the amount in controversy would exceed $5 million.  *See* Iradjpanah Decl. ¶ 4, Exhibit 1 [Transcript, pp. 3-8].

29.     On March 22, 2013, Plaintiff served a Notice of Status Conference (filed on March 25, 2013).  A true and correct copy of the Notice of Status Conference is attached hereto as **Exhibit 20**.

30.     On April 18, 2013, Dollar Tree filed and served a (i) Stipulation for Protective Order, and (ii) [Proposed] Order.  A true and correct copy of the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND REMOVAL                    6.                    Case No. _____

1  Stipulation for Protective Order and [Proposed] Order is attached hereto as **Exhibit**
2  **21**.

3           31.    On April 23, 2013, the Parties filed and served their Joint Status
4  Conference Report.  A true and correct copy of Joint Status Conference Report is
5  attached hereto as **Exhibit 22**.

6           32.    On April 30, 2013, Dollar Tree filed and served an (i) Amended
7  Stipulation for Protective Order, and (ii) [Proposed] Order.  A true and correct copy of
8  the Amended Stipulation for Protective Order and [Proposed] Order is attached hereto
9  as **Exhibit 23**.

10          33.    On April 30, 2013, Plaintiff served (and on or around May 3, 2013
11 filed) a Notice of Status Conference Held.  A true and correct copy of the Notice of
12 Status Conference Held is attached hereto as **Exhibit 24**.

13          34.    On May 14, 2013, Dollar Tree filed and served to the Honorable
14 Jane L. Johnson a Position Statement Re: Belaire West Notice.  A true and correct
15 copy of the Position Statement Re: Belaire West Notice is attached hereto as **Exhibit**
16 **25**.

17          35.    On May 14, 2013, Plaintiff filed and served to the Honorable Jane
18 L. Johnson a Position Statement Re: Belaire West Notice.  A true and correct copy of
19 the Position Statement Re: Belaire West Notice is attached hereto as **Exhibit 26**.

20          36.    On September 26, 2013, Dollar Tree filed and served a Joint
21 Stipulation to Modify Certification Briefing Schedule and Hearing [and] [Proposed]
22 Order.  A true and correct copy of the Joint Stipulation to Modify Certification
23 Briefing Schedule and Hearing [and] [Proposed] Order is attached hereto as **Exhibit**
24 **27**.

25          37.    On January 13, 2014, Plaintiff filed and served his (i) Notice of
26 Motion and Motion for Class Certification; Points and Authorities in Support thereof;
27 (ii) Declaration of Kenneth H. Yoon; (iii) Declaration of Peter M. Hart; (iv)
28 Declaration of Stephanie E. Yasuda; (v) Declaration of Richard Reyes; (vi) Notice

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL                7.                Case No. _____

of Lodgment of Documents; and (vii) [Proposed] Order. True and correct copies of the (i) Notice of Motion and Motion for Class Certification; Points and Authorities in Support thereof; (ii) Declaration of Kenneth H. Yoon; (iii) Declaration of Peter M. Hart; (iv) Declaration of Stephanie E. Yasuda; (v) Declaration of Richard Reyes; (vi) Notice of Lodgment of Documents; and (vii) [Proposed] Order are attached in unredacted and redacted form hereto as **Exhibits 28-34**, respectively.

38.     On January 22, 2014, Plaintiff filed and served a Notice of Status Conference Held and Notice of Further Status Conference. A true and correct copy of the Notice of Status Conference Held and Notice of Further Status Conference is attached hereto as **Exhibit 35**.

39.     On January 30, 2014, Dollar Tree filed and served a Notice of Change of Counsel of Record. A true and correct copy of the Notice of Change of Counsel of Record is attached hereto as **Exhibit 36**.

40.     On March 4, 2014, Dollar Tree filed and served a (i) Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Class Certification; (ii) Compendium of Evidence; (iii) Amended Exhibit 13 to the Declaration of Alison Cubre; (iv) Request for Judicial Notice; and (v) Objections to Evidence. True and correct copies of the (i) Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Class Certification; (ii) Compendium of Evidence; (iii) Amended Exhibit 13 to the Declaration of Alison Cubre; (iv) Request for Judicial Notice; and (v) Objections to Evidence are attached hereto as **Exhibits 37-41**, respectively.

41.     On March 13, 2014, Plaintiff filed and served a Joint Status Conference Report. A true and correct copy of the Joint Status Conference Report is attached hereto as **Exhibit 42**.

42.     On March 18, 2014, Plaintiff filed and served a Notice of Status Conference Held and Notice of Hearing Re: Plaintiff's Motion for Class Certification.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND REMOVAL                8.                Case No. _____

A true and correct copy of the Joint Status Conference Report is attached hereto as **Exhibit 43.**

43.    On March 19, 2014, Dollar Tree filed and served a Notice of Change of Counsel of Record.  A true and correct copy of the Notice of Change of Counsel of Record is attached hereto as **Exhibit 44**.

44.    On March 28, 2014, Dollar Tree filed and served a Stipulation Regarding Timing for Filing Dollar Tree's Motion to Compel Plaintiff's Responses to Special Interrogatories, Set One; [Proposed] Order.  A true and correct copy of the Notice of Change of Counsel of Record is attached hereto as **Exhibit 45.**

45.    On April 8, 2014, Plaintiff filed and served his (i) Reply in Support of Motion for Class Certification; (ii) Supplemental Declaration of Kenneth H. Yoon; (iii) Plaintiff's Response to Exhibit 134 Attached to the Declaration of Alison Cubre; (iv) Plaintiff's Response to Dollar Tree's Evidentiary Objections; and (v) Plaintiff's Evidentiary Objections.  True and correct copies of the (i) Reply in Support of Motion for Class Certification; (ii) Supplemental Declaration of Kenneth H. Yoon; (iii) Plaintiff's Response to Exhibit 134 Attached to the Declaration of Alison Cubre; (iv) Plaintiff's Response to Dollar Tree's Evidentiary Objections; and (v) Plaintiff's Evidentiary Objections are attached hereto as **Exhibits 46-50**, respectively.

46.    On May 1, 2014, the Court issued a Tentative Ruling Re: Motion for Class Certification.  A true and correct copy of the Tentative Ruling Re: Motion for Class Certification is attached hereto as **Exhibit 51.**

47.    That same day, on May 1, 2014, the Court held a hearing on Plaintiff's Motion for Class Certification.   Declaration of Constance E. Norton Support of Defendant's Notice of <u>Second</u> Removal ("Norton Decl.") ¶ 2, Exhibit 1 [Transcript].  Plaintiff's counsel admitted the class the Court proposed to certify was "broader" that the class Plaintiff had moved to certify.  *Id.* at Transcript, 4:7-8.

48.    On May 15, 2014, the Court issued a Minute Order re Ruling on Submitted Matter.   A true and correct copy of the Minute Order re Ruling on

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL                9.        Case No. _____

Submitted Matter is attached hereto as **Exhibit 52.** In the Minute Order re Ruling, the Court adopted its Tentative Ruling. *See* **Exhibit 51**. The Court held that Plaintiff sought to certify an unascertainable class, and thus, the Court redefined the class and subclass Plaintiff sought to certify as follows:

> Plaintiff seeks certification of a Class of all current and former non-exempt employees of Defendants who worked as Assistant Store Managers in California who worked without another Assistant Store Manager on the clock according to Defendant's time records and without another Store Manager scheduled to work according to Defendant's scheduled records, and who worked one or more work periods in excess of three and one-half (3.5) hours from and after July 13, 2008.
>
> 49.   Plaintiff also seeks to certify a subclass as follows:
>
> ... Assistant Store Managers in California who worked without another Assistant Store Manager on the clock according to Defendant's time records and without another Store Manager scheduled to work according to Defendant's scheduled records, and who worked one or more work periods of between six (6) and eight (8) hours from and after July 13, 2008.

*See* Exhibit 52 [Minute Order] and Exhibit 51 [Tentative Ruling, p. 3].

50.   The Court noted the classes, as defined, were unascertainable because, "the class definition is dependent upon the schedule records of Store Managers ('…and without another Store Manager scheduled to work according to Defendant's scheduled records...')," and Store Managers do not always schedule themselves for when they will be "on duty." *See* Exhibit 52 [Minute Order] and Exhibit 51 [Tentative Ruling, p. 3].

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL                    10.        Case No. _____

51.     However, the Court determined it could "redefine the class where the evidence before it shows such a redefined class would be ascertainable" and re-wrote the class definition as follows:

> …all current and former non-exempt employees of Defendants who worked as assistant managers in California who worked one or more work periods in excess of three and one-half (3.5) hours without receiving a paid ten (10) minute break during which they were relieved of all duties, from and after July 13, 2008.

*See* Exhibit 52 [Minute Order] and Exhibit 51 [Tentative Ruling, p. 4].

52.     The Court also revised the subclass definition as follows:

> The subclass could also be based on this revised definition [*see* Paragraph 47] and modified to show that it only pertains to those who worked between 6 and 8 hours.

*See* Exhibit 52 [Minute Order] and Exhibit 51 [Tentative Ruling, p. 4].

## IV.     TIMELINESS OF REMOVAL.

53.     This Notice of Second Removal is timely.   Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, *or other paper from which it may first be ascertained that the case is one which is or has become removable*." (Emphasis added).

54.     When Dollar Tree first attempted to remove, the District Court held that Dollar Tree had not met its burden of proof pursuant to the heightened "legal certainty" standard then-applicable under *Lowdermilk* that the amount in controversy would not exceed $5 million.

55.     In Plaintiff's Motion to Remand, Plaintiff expressly limited his allegations by two conditions: (i) the alleged violations occurred when and if a class

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND REMOVAL                    11.          Case No. _____

1   member worked without another manager at the same time, and (ii) the class member

2   was not actually provided a paid, duty-free 10-minute rest break.  RJN, Exhibit C

3   [Plaintiff's Motion to Remand, 6:4-8].  Plaintiff further limited his contentions and

4   asserted Assistant Store Managers would experience a rest break violation in only

5   one-third of all shifts worked.  *Id.* at 7:20-27.

6          56.    On March 4, 2013, this Court granted Plaintiff's Motion to

7   Remand. (ECF Nos. 24-25). The Motion to Remand was granted and the Court held

8   the heightened "legal certainty" standard applied under the Ninth Circuit's *Lowdermilk*

9   decision, because the FAC alleges the amount in controversy is less than $5 million.

10  The Court also found that this allegation was made in "good faith."  Under the

11  heightened standard, the Court found Dollar Tree had not met its burden to

12  demonstrate the amount in controversy would exceed $5 million.  Iradjpanah Decl.,

13  ¶ 4, Exhibit 1 [Transcript, pp. 3-8].

14         57.    After the case was remanded, the Superior Court determined that it

15  could "redefine the class where the evidence before it shows such a redefined class

16  would be ascertainable."   The Superior Court thus certified the class using the

17  following class definitions:

18              …all current and former non-exempt employees of

19              Defendants who worked as assistant managers in California

20              who worked one or more work periods in excess of three

21              and one-half (3.5) hours without receiving a paid ten (10)

22              minute break during which they were relieved of all duties,

23              from and after July 13, 2008.

24  Exhibit 51 [Tentative Ruling, p. 4].

25         58.    The Court also revised the subclass definition as follows:

26              The subclass could also be based on this revised definition

27              and modified to show that it only pertains to those who

28              worked between 6 and 8 hours.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u>
REMOVAL                                    12.            Case No. _____

1  Exhibit 51 [Tentative Ruling, p. 4].

2        59.    At oral argument, Plaintiff's counsel admitted the Superior Court

3  had tentatively certified a class that was "broader" than the class Plaintiff moved to

4  certify.  Norton Decl., ¶ 2, Exhibit 1 [Transcript, 4:7-8].  Defense counsel argued that

5  the class the Court tentatively certified expanded the class definition beyond the FAC,

6  the Motion to Remand, and Plaintiff's class certification papers.  *Id.* at 8: 21-26, 10:9-

7  12:2.

8        60.    After taking the matter under submission (Norton Decl., ¶ 2,

9  Exhibit 1 Transcript, 41:26-27), on May 15, 2014, the Court issued a Minute Order

10  adopting the Tentative Ruling, and the certifying the new, more expansive class and

11  subclass as newly defined therein.  ***See*** Exhibit 51.

12        61.    Accordingly, the Minute Order re Ruling on Submitted Matter

13  constitutes an Order "from which it may first be ascertained that the case is one which

14  is or has become removable."  28 U.S.C. § 1446(b)(3).  A claim under the CAFA may

15  be removed at any time within 30 days of service.  28 U.S.C. § 1453(b) ("the 1-year

16  limitation under section 1446 (c)(1) shall not apply"); *Roth v. CHA Hollywood Med.*

17  *Ctr., L.P.,* 720 F.3d 1121, 1126 (9th Cir. Cal. 2013).  Given the service date of May

18  15, 2014, this Notice of Second Removal is timely as it is filed within thirty (30) days

19  of the service date of the Minute Order.

20  **V.    JURISDICTION PURSUANT TO THE CAFA.**

21        62.    The CAFA grants federal district courts original jurisdiction over

22  civil class action lawsuits filed under federal or state law in which there are at least

23  100 class members, any member of a class of plaintiffs is a citizen of a state different

24  from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of

25  interest and costs.  28 U.S.C. § 1332(d).  While there are exceptions to the rule of

26  original jurisdiction contained in 28 U.S.C. § 1332(d)(3)-(5), none apply here.

27  Moreover, the CAFA expressly provides that it applies "to any class action before or

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL      13.      Case No. _____

1  ***after the entry of a class certification order*** by the court with respect to that action."

2  28 U.S.C. § 1332(d)(8) (emphasis added).

3       63.    The CAFA authorizes removal of qualifying actions in accordance

4  with 28 U.S.C. § 1446.   This action meets each of the CAFA requirements for

5  removal because, as is set forth more particularly below: (a) the proposed class

6  contains at least 100 members; (b) Dollar Tree is not a state, state official, or other

7  governmental entity; (c) the total amount in controversy exceeds $5,000,000; and

8  (d) there is diversity of citizenship between at least one class member and the only

9  named defendant.

10      **A.    The Proposed Class Contains At Least 100 Members.**

11       64.    The FAC is brought on behalf of Plaintiff and a "[c]lass of current

12  and former non-exempt employees of Defendants [sic] who worked as assistant store

13  managers in California."  FAC ¶ 14.  Pursuant to the Superior Court's May 15, 2014

14  Minute Order, the Court redefined the class to include:

15         …all  current  and  former  non-exempt  employees  of

16         Defendants who worked as assistant managers in California

17         who worked one or more work periods in excess of three

18         and one-half (3.5) hours without receiving a paid ten (10)

19         minute break during which they were relieved of all duties,

20         from and after July 13, 2008.

21  *See* Exhibit 52 [Minute Order] and Exhibit 51 [Tentative Ruling, p. 4].

22       65.    The Court also revised the subclass definition as follows:

23         The subclass could also be based on this revised definition

24         and  modified  to  show  that  it  only  pertains  to  those  who

25         worked between 6 and 8 hours.

26  *See* Exhibit 52 [Minute Order] and Exhibit 51 [Tentative Ruling, p. 4].

27       66.    Thus, within statute of limitations period, Dollar Tree has

28  employed approximately 4,373 individuals who worked as Assistant Store Managers

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND REMOVAL

14.

Case No. _____

1  in its California Stores.  Declaration of Richard Goldberg in Support of Defendant's

2  Notice of <u>Second</u> Removal ¶ 4.

3  **B.   Dollar Tree Is Not A State, State Official Or Governmental Entity.**

4       67.   Dollar Tree is not a state, state official, or governmental entity; nor

5  are any of its related entities.  RJN, Exhibit B [Declaration of David McDearmon

6  ("McDearmon Decl.") ¶ 3].

7  **C.   The Amount In Controversy Exceeds $5,000,000.**

8       **a.   Applicable Legal Standard.**

9       68.   This Court has jurisdiction under CAFA, which authorizes the

10  removal of a class action in which, among other factors mentioned above, the amount

11  in controversy for all class members exceeds $5 million.  28 U.S.C. § 1332(d).

12       69.   Under CAFA, the burden of establishing removal jurisdiction

13  remains, as before, on the proponent of federal jurisdiction.  *Abrego v. Dow Chemical*

14  *Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

15       70.   When the FAC was originally removed, *Lowdermilk v. U.S. Bank*

16  *National Ass'n*, 479 F.3d 994, 999-1000 (9th Cir. 2007) was controlling law.  There,

17  the Ninth Circuit held that when a complaint affirmatively alleges that the amount in

18  controversy is less than the jurisdictional threshold, "the party seeking removal must

19  prove with legal certainty that CAFA's jurisdictional amount is met." *Id.*  However,

20  after the United States Supreme Court's ruling in *Standard Fire Ins. Co. v. Knowles,*

21  133 S. Ct. 1345 (2013), the "legal certainty standard" articulated in *Lowdermilk,*

22  *supra,* 479 F.3d at 999-1000 was overruled.[2]  *See Rodriguez v. At&T Mobility Servs.*

23  *LLC,* 728 F.3d 975, 980-82 (9th Cir. 2013). Accordingly, a preponderance of the

24  evidence standard now applies.  *Id*.

25  ///

26  ///

27

28  [2] Plaintiff asserted in Paragraph 4 of his FAC that the amount in controversy was less
   than $5,000,000.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  **b.   Failure To Authorize And Permit Compliant Rest Breaks.**

2        71.   California law requires employers to "authorize and permit"

3  employees to take rest breaks "at the rate of ten (10) minutes net rest time per four (4)

4  hours or major fraction thereof."  8 Cal. Code Reg. § 11090(12)(A).  "However, a rest

5  period need not be authorized for employees whose total daily work time is less than

6  three and one-half (3 1/2) hours."  *Id.*  California Labor Code Section 226.7, under

7  which Plaintiff asserts his first cause of action, further provides that an employer who

8  fails to authorize and permit an employee to take a rest period "shall pay the employee

9  one additional hour of pay at the employee's regular rate of compensation for each

10  work day that the... rest period is not provided."  Cal. Labor Code § 226.7.

11  **c.   Expanded Class Definition and Impact On Amount In**

12  **Controversy.**

13        72.   Plaintiff sought "certification of a Class of all current and former

14  non-exempt employees of Defendants who worked as Assistant Store Managers in

15  California who *worked without another Assistant Store Manager on the clock*

16  *according to Defendant's time records and without another Store Manager scheduled*

17  *to work according to Defendant's scheduled records*, and who worked one or more

18  work periods in excess of three and one-half (3.5) hours from and after July 13, 2008."

19  *See* Exhibit 51 [Tentative Ruling, p. 3 (emphasis added)].  Plaintiff also sought to

20  certify a subclass as follows: "…Assistant Store Managers in California who worked

21  *without another Assistant Store Manager on the clock according to Defendant's time*

22  *records and without another Store Manager scheduled to work according to*

23  *Defendant's scheduled records,* and who worked one or more work periods of

24  between six (6) and eight (8) hours from and after July 13, 2008."  *Id.* (emphasis

25  added). The class and subclass that Plaintiff sought to certify were limited in size and

26  scope based on the theory of the case that the parties had litigated from the outset

27  which focused on shifts worked by Assistant Store Managers without coverage.  In its

28  tentative, the Court determined that "it is unclear how the class definition advanced by

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND
REMOVAL                          16.        Case No. _____

Plaintiff is ascertainable since the class definition is dependent upon the schedule records of Store Managers ("…and without another Store Manager scheduled to work according to Defendant's scheduled records...") *Id.*   Plaintiff had argued in his Motion on Remand, that those Assistant Store Managers who worked alone (i.e. the employees who made up the putative class and subclass) accounted for one third of shifts worked.   RJN, Exhibit C [Plaintiff's Motion to Remand 6:4-8].   Thus, in rejecting Plaintiff's limitation regarding working alone, the Court adopted a class and subclass definition that essentially tripled the putative class size.

73.   On May 15, 2014, the Superior Court certified a class and subclass of current and former non-exempt Dollar Tree Assistant Store Managers who worked one or more work periods in excess of three and one-half (3.5) hours [and between six (6) and eight (8) hours] without receiving a paid ten (10) minute break during which they were relieved of all duties, from and after July 13, 2008.   *See* Exhibit 52 and Exhibit 51 [Tentative Ruling, p. 4].   Plaintiff admitted that the class and subclass definitions proposed (and ultimately adopted) by the Court were more expansive than the class he sought to certify (Norton Decl., ¶ 2, Exhibit 1 [Transcript, 4:7-8]).

74.   Without individualized inquiry, Dollar Tree and the Court have no way to determine which Assistant Store Managers (regardless of coverage by other managerial employees) were relieved of all duties during their rest breaks or the frequency of rest breaks actually missed.   Thus, for removal purposes, Dollar Tree conservatively interprets the class as certified to allege that a rest break was not "authorized and permitted," and thus an Assistant Store Manager not "relieved of all duties" in all shifts lasting 3.5 hours or more, where there was a "missed" punch in Dollar Tree's timekeeping data.[3]   Dollar Tree also assumes that its

---

[3] Assistant Store Managers record their work time by punching in and punching out of a timekeeping system during their work day.  Their time punch data is maintained in reports produced by Dollar Tree's time punch system.   *See* RJN, Exhibit B [Declaration of Steven Pearson ¶¶ 2-3].

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL                         17.           Case No. _____

1   obligation to authorize or permit a rest break is triggered once an Assistant Store

2   Manager works 3.5 hours or more in a shift, and when an Assistant Store Manager

3   works more than 6.0 hours in a shift.[4] Thus, all shifts worked by Assistant Store

4   Managers greater than 3.5 hours in length were reviewed to determine whether there

5   was an out and in rest break punch between 0.0 and 4.0 hours for the shift.  Any shift

6   greater than 6.0 hours was also reviewed to determine whether there was any "missed"

7   rest break punch between 4.01 hours and the remaining portion of the shift, or the 8th

8   hour, whichever was greater.  If there were "missed" punches between 0.0 and 4.0

9   hours and/or between 4.01 and the remaining portion of the shift, or the 8th hour,

10   whichever was greater, only one "missed" punch was counted for the day.  *See*

11   Goldberg Decl. ¶ 10.

12           75.   The table immediately below identifies the following: (i) the

13   number of shifts worked by Dollar Tree Assistant Store Managers in California during

14   the relevant time period which were 3.5 hours or longer with one "missed" rest break

15   punch; (ii) average hourly rates of pay for California Assistant Store Managers for the

16   putative class period; and (iii) corresponding annual amounts in controversy.  *See*

17   Goldberg Decl. ¶ 11.

| Fiscal Year[5] | Number of Shifts with "Missed" Punches | Avg. Hourly Rate | Amount In Controversy |
|---|---|---|---|
| 2008 | 38,183 | $12.02 | $ 458,959.66 |
| 2009 | 60,395 | $11.83 | $ 714,472.85 |
| 2010 | 64,364 | $11.07 | $ 712,509.48 |
| 2011 | 77,343 | $10.97 | $ 848,452.71 |
| 2012 | 74,810 | $11.70 | $ 875,277.00 |
| 2013 | 113,697 | $10.86 | $1,234,749.42 |
| 2014 | 37,585 | $10.81 | $ 406,293.85 |

---

[4] Dollar Tree utilizes the 3.5 hour marker in light of the California Supreme Court's recent guidance in *Brinker, supra,* that a ten-minute rest break must be "authorized and permitted" for shifts longer than 3.5 hours.  165 Cal. 4th at 43-46.

[5] With the exception of the average hourly pay rates, all values in this table are rounded *down* to the nearest whole number.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND REMOVAL                18.               Case No. _____

| Fiscal Year[5] | Number of Shifts with "Missed" Punches | Avg. Hourly Rate | Amount In Controversy |
|---|---|---|---|
| | | TOTAL: | $5,250,714.97 |

76.     In a separate and independent theory, Dollar Tree conservatively interprets the class as alleging that in one-third of all shifts lasting 3.5 hours or more, a rest break was not "authorized and permitted" when, according to Plaintiff, Assistant Store Managers worked as the sole managerial employee in the store, and were thus presumably not "relieved of all duties." Dollar Tree determined this calculus based on allegations in Plaintiff's Motion to Remand that one-third of all shifts of 3.5 hours or longer, had only a single Assistant Store Manager on duty.  Plaintiff's Motion to Remand 7:20-27.[6]  Under Plaintiff's theory, Assistant Store Managers who worked alone were not "relieved of all duties" and thus did not receive compliant rest breaks. Because Plaintiff admits the Superior Court's redefinition for the certified class is more expansive than the class he attempted to certify, the one-third benchmark used here is theoretically lower than the total number of rest breaks in which an Assistant Store Manager was purportedly not relieved of all duties pursuant to Plaintiff's allegations.

77.     The table immediately below identifies the following: (i) the number of shifts of 3.5 hours or longer worked by Assistant Store Managers in California during the relevant time period; (ii) an assumed one-third of all shifts 3.5 hours or longer was not authorized or provided; (iii) average hourly rates of pay for California Assistant Store Managers; and, (iv) corresponding annual amounts in controversy.  *See* Goldberg Decl. ¶ 12.

| Fiscal Year[7] | Number of Shifts with "Missed" Punches | Avg. Hourly Rate | Amount In Controversy |
|---|---|---|---|

---

[6] At the time of Plaintiff filed his Motion to Remand, there were not a sufficient number of shifts of 3.5 hours or more in the time period calculated to meet the $5 million threshold.  Now that approximately a year and a half has passed since the initial removal, this threshold has been met.
[7] With the exception of the average hourly pay rates, all values in this table are rounded *down* to the nearest whole number.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL

19.

Case No. _____

| Fiscal Year | Number of Shifts with "Missed" Punches | Avg. Hourly Rate | Amount In Controversy |
|---|---|---|---|
| 2008 | 38,183 | $12.02 | $ 458,959.66 |
| 2009 | 60,395 | $11.83 | $ 714,472.85 |
| 2010 | 64,364 | $11.07 | $ 712,509.48 |
| 2011 | 77,343 | $10.97 | $ 848,452.71 |
| 2012 | 74,810 | $11.70 | $ 875,277.00 |
| 2013 | 113,697 | $10.86 | $1,234,749.42 |
| 2014 | 37,585 | $10.81 | $ 406,293.85 |
| | | TOTAL: | $5,250,714.97 |

78.     Finally, in a third and separate theory, Dollar Tree assumes a missed punch equaled a shift in which an Assistant Store Manager did not receive a rest break, and further assumes that in up to a third of the shifts where an Assistant Store Manager punched out and in for a rest break, the break was nevertheless interrupted and thus the Assistant Store Manager was not "relieved of all duties." The table immediately below identifies the following: (i) the number of shifts worked by Assistant Store Managers in California during the relevant time period which were 3.5 hours or longer with one "missed" rest break punch; (ii) the remaining number of shifts that lasted 3.5 hours or longer worked by Assistant Store Managers in California during the relevant time period; (iii) assumed one-third of shifts where there was a missed punch; (iv) average hourly rates of California Assistant Store Managers; and (v) corresponding annual amounts in controversy. *See* Goldberg Decl. ¶ 13.

| Fiscal Year[8] | Number of Shifts with "Missed" Punches | Number of Shifts 3.5 Hours or Longer Remaining | 1/3 Of Shifts Allegedly Affected | Average Hourly Rate | Amount In Controversy |
|---|---|---|---|---|---|
| 2008 | 38,183 | 72,453 | 23,909 | $12.02 | $ 746,345.84 |
| 2009 | 60,395 | 140,982 | 46,524 | $11.83 | $1,264,851.77 |
| 2010 | 64,364 | 159,181 | 52,529 | $11.07 | $1,294,005.51 |
| 2011 | 77,343 | 172,847 | 57,039 | $10.97 | $1,474,170.54 |

---

[8] With the exception of the average hourly pay rates, all values in this table are rounded *down* to the nearest whole number.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND REMOVAL                    20.          Case No. _____

| Fiscal Year[8] | Number of Shifts with "Missed" Punches | Number of Shifts 3.5 Hours or Longer Remaining | 1/3 Of Shifts Allegedly Affected | Average Hourly Rate | Amount In Controversy |
|---|---|---|---|---|---|
| 2012 | 74,810 | 167,340 | 55,222 | $11.70 | $1,521,374.40 |
| 2013 | 113,697 | 202,775 | 66,915 | $10.86 | $1,961,446.32 |
| 2014 | 37,585 | 57,089 | 18,839 | $10.81 | $ 609,943.44 |
| | | | | **TOTAL:** | $8,872,137.82 |

79.     Based upon conservative estimates in each of the three separate theories outlined above, the amount placed in controversy by the claims of the putative class, as now defined, is over **$ 5,000,000**.  There may be no dispute that the jurisdictional threshold for removal jurisdiction under the CAFA is satisfied following the Court's May 15, 2014 Minute Order.  ***Nevertheless, by demonstrating herein that the amount in controversy exceeds the CAFA threshold as a result of the Court's expanded class definition, Dollar Tree in no way concedes the validity of the class claims, the legal bases for Plaintiff's damages calculations, or the likelihood that the class will recover anything***.

## VI.     CITIZENSHIP OF THE PARTIES.

80.     The FAC states that Plaintiff "is an individual residing in the State of California."  FAC ¶ 9.  Such allegation is consistent with Dollar Tree's last known residence address for Plaintiff.  RJN, Exhibit B [McDearmon Decl. ¶ 5 (Dollar Tree's records indicate Plaintiff's last known residence address is located in the State of California)].  Moreover, Plaintiff alleges members of the proposed class "worked as assistant managers in California."  *Id.* at ¶ 5; *see also* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983) (for diversity purposes, person is citizen of a state if a citizen of the United States and domiciled in that state).

81.     Dollar Tree was, at the time Plaintiff filed the state court action, and remains, a corporation incorporated under the laws of the Commonwealth of

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL     21.     Case No. _____

1   Virginia.   RJN, Exhibit B [McDearmon Decl. ¶ 3].   For diversity purposes, a

2   corporation "shall be deemed a citizen of any State in which it is incorporated and of

3   the State where it has its principal place of business."   28 U.S.C. § 1332(c)(1).   The

4   Supreme Court's decision in *Hertz v. Friend*, 559 U.S. 77, 91-92 (2010), clarified that

5   a corporation's principal place of business is "the place where a corporation's officers

6   direct, control, and coordinate the corporation's activities," which should "normally

7   be the place where the corporation maintains its headquarters."   In this respect, Dollar

8   Tree's corporate headquarters are located in Chesapeake, Virginia, where its executive

9   and senior management personnel live and work and its primary operations are

10  located.   RJN, Exhibit B [McDearmon Decl. ¶ 3].   Thus, Dollar Tree is not a citizen of

11  California but a citizen of Virginia.   *See Breitman v. May Co. Cal.,* 37 F.3d 562, 564

12  (9th Cir. 1994) (corporation was citizen of state in which its corporate headquarters

13  was located and where its executive and administrative functions were performed).

14         82.    DOES 1 to 50 are fictitious defendants, are not parties to this

15  action, and have not been named or served.   Pursuant to 28 U.S.C. § 1441(a), the

16  citizenship of defendants sued under fictitious names must be disregarded for the

17  purpose of determining diversity jurisdiction and cannot destroy the diversity of

18  citizenship between the parties in this action.   *Newcombe v. Adolf Coors Co.*, 157 F.3d

19  686, 690-91 (9th Cir. 1998) ("district court was correct in only considering the

20  domicile of the named defendants").

21         83.    Finally, diversity is sufficiently established under the CAFA

22  where, as here, any single member of a class of plaintiffs is a citizen of a State

23  different from any defendant.   28 U.S.C. § 1332 (d)(2)(A); *see Bush v. Cheaptickets,*

24  *Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) (noting CAFA vests original jurisdiction for

25  class actions in federal court where minimal diversity exists); *Newcombe supra*, 157

26  F.3d at 690-91.   Hence, minimal diversity exists among the parties for removal

27  pursuant to CAFA because Plaintiff is a citizen of the State of California and Dollar

28  Tree is a citizen of the State of Virginia.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF SECOND
REMOVAL                                    22.            Case No. _____

1  **VII.   NOTICE TO PLAINTIFF AND THE STATE COURT.**

2        84.   As required by 28 U.S.C. § 1446(b), Dollar Tree is concurrently

3  serving Plaintiff, through his counsel, with written notice of this removal.

4        85.   Further, Dollar Tree concurrently files a copy of the Notice of

5  Removal with the Superior Court of the State of California, in and for the County of

6  Los Angeles, pursuant to 28 U.S.C. § 1446(d).

7        **WHEREFORE**, Dollar Tree hereby removes this action from the

8  Superior Court of the State of California, County of Los Angeles, to the United States

9  District Court, Central District of California.

10  Dated:   June 13, 2014         Respectfully submitted,

11            */s/ Constance E. Norton*
          MAUREEN E. MCCLAIN

12            CONSTANCE E. NORTON
          ALISON CUBRE

13            LITTLER MENDELSON, P.C.
          Attorneys for Defendant

14            DOLLAR TREE STORES, INC.

15  Firmwide:127407443.1 061603.1072

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

DEF'S NOTICE OF <u>SECOND</u> REMOVAL      23.      Case No. _____