JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REYES, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DOLLAR TREE STORES, INC., a corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.  CV 14-4581-R<br><br>ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT |

Before the Court is plaintiff Richard Reyes's "Motion to Remand Case to California Superior Court," ("Motion"), which was filed on July 14, 2014. Dollar Tree Stores, Inc. ("Dollar Tree") filed an opposition to the Motion on July 28, 2014, and Reyes filed a reply to the opposition on August 4, 2014. Finding it suitable for decision on the papers, the Court took this matter under submission on August 11, 2014.

Dollar Tree first removed this matter to this Court on December 28, 2012. Case No. 12-CV-11028. Reyes subsequently filed a motion to remand the matter in which he argued that the $5,000,000 minimum amount in controversy requirement for jurisdiction under the Class Action Fairness Act ("CAFA") was not satisfied. Title 28 U.S.C. § 1332(d)(2). This Court granted that

motion by order entered on March 6, 2013. The case then proceeded in Los Angeles County Superior Court until June 13, 2014, at which time Dollar Tree removed it again, thereby initiating the present case. In the instant Motion Reyes contends that the action should once again be remanded.

A defendant may remove an action to federal court if the original action could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal statutes are strictly construed against the party invoking them. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Title 28 U.S.C. § 1446 governs the procedure for removal of civil actions. *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354 (7th Cir. 2000). A defect in removal procedure is grounds for remanding a case. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).

One such procedural requirement is that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." Title 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Title 28 U.S.C. § 1446(b)(3). Here, the removal was procedurally defective and Reyes has timely challenged it on those grounds with the Motion. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

In support of its recent removal Dollar Tree contends that it first ascertained that this case was removable on May 15, 2014 when the Superior Court issued a class certification order ("Certification Order") (Not. of Removal Ex. 52). Dollar Tree's position is that the Certification Order broadened the size of the class, which in turn increased the amount in controversy over the $5,000,000 CAFA jurisdictional minimum. Specifically, Dollar Tree contends that before the Certification Order was issued the potential class only included assistant managers who were denied the opportunity to take a rest break because there was no other manager on duty (referred to herein as "Solo Managers"). Opp'n p. 4. According to Dollar Tree the Certification Order

1  increased the amount in controversy over $5,000,000 because it expanded the class definition to
2  include all assistant managers who worked more than 3.5 hours and were not relieved of all duties
3  during their rest break, rather than only Solo Managers. *Id.*
4        The First Amended Complaint ("FAC") was filed on December 7, 2012. Not. of Removal
5  Ex. 16. Under the heading "Class Action Allegations" the FAC contains the following paragraph:

> **Definition:** The named individual Plaintiff seeks class certification pursuant to California Code of Civil Procedure § 382 of a Class of all current and former non-exempt employees of Defendants who worked as assistant managers in California who worked one or more work periods in excess of three and one-half (3.5) hours without receiving a paid ten (10) minute break during which they were relieved of all duties, from and after July 13, 2008.

11  FAC ¶ 14.
12        This definition is not limited to Solo Managers. In light of this Dollar Tree's argument that
13  the Certification Order is the first paper from which it could ascertain that the controversy
14  involved more than just Solo Managers is not well taken.
15        In their brief in opposition to the Motion Dollar Tree makes the following argument: "In
16  paragraphs 14 and 28 of the FAC, Plaintiff defined his class as California ASMs [Assistant
17  Managers] who worked one or more work periods of 3.5 hours or longer during which they were
18  not relieved of all duties because there was no other managerial employee present." Opp'n p. 2.
19  Paragraph 14 of the FAC, which is quoted above in its entirety, is entitled "Definition" and it does
20  not mention the presence or absence of other managerial employees. Dollar Tree's representation
21  regarding the substance of this paragraph is simply not true.
22        Paragraph 28 alleges that "Defendants regularly required employees to work through their
23  rest breaks without proper compensation in that Class Members at times worked without another
24  manager at the same time" and were not "authorized and permitted" to take compliant breaks.
25  FAC ¶ 28. Contrary to Dollar Tree's assertion, this paragraph is not part of the class definition in
26  the FAC, rather it is part of the factual allegations in the first cause of action. The substantive
27  claim of a putative class representative and a proposed class definition are two distinct matters.
28  *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010) ("A

1  class action, no less than traditional joinder (of which it is a species), merely enables a federal
2  court to adjudicate claims of multiple parties at once, instead of in separate suits."). Paragraph 28
3  does not form part of the FAC's class definition. Dollar Tree's contention that the class definition
4  in the Certification Order differed from the class definition proposed in the FAC is not persuasive.

5       Assuming the Certification Order somehow rendered this case jurisdictionally removable,
6  such a conclusion would be inconsequential because the Certification Order does not contain
7  anything new when one considers the class definition in the FAC. Therefore the removal was
8  untimely because Dollar Tree could not have "first" ascertained that this case was removable on
9  receipt of the Certification Order. Title 28 U.S.C. 1446(b)(3). The case is remanded on the basis of
10 that untimeliness. *Prize Frize*, 167 F.3d at 1266.

11      Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require the
12 payment of just costs and any actual expenses, including attorney fees, incurred as a result of the
13 removal." Such an award is meant to reimburse a plaintiff for "wholly unnecessary litigation costs
14 the defendant inflicted." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir.
15 1992). Dollar Tree's assertion of removal jurisdiction was not legally justifiable but its arguments
16 in support of its position were not frivolous and appear to have been made in good faith. An award
17 of fees is not appropriate here.

18      IT IS HEREBY ORDERED that the Motion is GRANTED and the case is remanded to
19 Los Angeles County Superior Court.
20 Dated: August 22, 2014.

                                                      MANUEL L. REAL
                                    UNITED STATES DISTRICT JUDGE